In The

# United States District Court (Florida)

FILED

RECEIVED

SCOTT HUMINSKI, for himself and )

   Those similarly situated, )

PLAINTIFF )

               v. )

STATE OF VERMONT, )

WILLIAM SORRELL, )

JOHN LAVOIE, )

WILLIAM WRIGHT, )

GOVERNOR SHUMLIN, )

STATE OF CONNECTICUT, )

GOVERNOR MALLOY, )

CONNECTICUT ATTY. GENERAL JEPSON, )

THE STATE OF ARIZONA, )

GOVERNOR JAN BREWER, )

ARIZONA ATTORNEY GENERAL HORNE, )

TOWN OF GILBERT, ARIZONA, )

GILBERT POLICE DEPARTMENT )

DETECTIVE DEBRA HARTIN, )

GILBERT POLICE JOHN DOE #1 )

TOWN OF WILTON CONNECTICUT, )

WILTON POLICE DEPARTMENT, )

DETECTIVE PETE TREHAN, )

CITY OF SURPRISE, ARIZONA, )

SURPRISE POLICE DEPARTMENT )

LT. JOHN BACON, )

LT. HAROLD BRADY, )

OFFICER HECTOR HEREDIA, )

POLICE OFFICER HECTOR HEREDIA, )

CITY OF NORWALK, CONNECTICUT, )

2013 SEP 25  AM II: 12

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS. FLORIDA

CIVIL ACTION

DOCKET NO.

2: 13-CV-685-FtM-29DNf

ORIGANALLY,

U.S.D.C. (MIAMI)

2013-CV 23099

JURY TRIAL DEMAND

1

NORWALK POLICE DEPARTMENT,                    )

MARICOPA COUNTY, ARIZONA                      )

MARICOPA COUNTY ATTORNEYS OFFICE,             )

WILLIAM MONTGOMERY,                           )

DETECTIVE WALKER,                             )

DETECTIVE LEWIS,                              )

DR. GREGORY BERMAN,                           )

DR. GARY PETERSON,                            )

DR, JON STEVENSON,                            )

SIX UNNAMED EMPLOYEES/AGENTS OF               )

    MERCY GILBERT MEDICAL CTR./           )

    DIGNITY HEALTH,                       )

LLOYD H. DEAN,                                )

TIM BRICKER,                                  )

GORDON CLEVENGER,                             )

RICHARD KENT,                                 )

TIM DORN,                                     )

    DEFENDANTS.                           )

## Complaint for Declaratory and Injunctive Relief
## Declaratory Action  28 USC § 2201, 42 USC § 1983, 42 USC §§ 1985(2),(3)

NOW COMES, Scott Huminski ("Huminski") and hereby complains follows:

### INTRODUCTION

This action was filed in the U.S.D.C. for the Southern District of Florida, however that court found that this case should be filed in this District, Huminski obeys that finding.  A motion for rehearing en *banc* is pending before the U.S. Ninth Circuit Court of Appeals in Huminski v. City of Surprise, et al., 12-16395, that constitutes a facial challenge to the overbreadth and vagueness of the Arizona Harassment statute, AZ Rev. Stat. § 13-2921 (criminal harassment), an issue squarely before this Court.  If necessary, Huminski may pursue certiorari in the United

States Supreme Court concerning the constitutional infirmity of the Arizona statute, however, collateral litigation in various federal venues should not affect the instant matter.

Numbered Section of Complaint

1) This matter is proper under diversity and federal question jurisdiction.

2) Huminski has been a resident of Florida since September of 2012 and is a permanent resident of Bonita Springs in Lee County.

3) This complaint seeks $1,000,000 in injury and damage and $10,000,000 in punitive damages and costs and expenses under 42 U.S.C. § 1988.

4) All claims are brought jointly and severally.

5) All claims are brought in individual and official capacities and as this matter constitutes a facial challenge upon State statutes, the Governors and Attorney Generals of the various states have been included as defendants.

6) Huminski asserts and incorporates with the same force and effect as if more fully set forth herein the entire record of this case from the U.S.D.C. (Miami), 2013-cv-23099 attached hereto as Exhibit "A".

7) Huminski asserts and incorporates with the same force and effect as if more fully set forth here *public record* including the entire record in Huminski v. Surprise, USDC (Arizona), 2:2011-cv-00896 and Huminski v. Surprise, U.S. Ninth Civ., 12-16395.

8) Huminski asserts and incorporates with the same force and effect as if more fully set forth herein all motions filed in Exhibit "A" and requests immediate emergency disposition concerning the temporary restraining order to allow service of this matter free of the risk of arrest. As the Miami Court found no jurisdiction, the rulings of that Court are void ab intitio and now ripe and the Verified Complaint set forth in Exhibit "A" performs the same function in support of a temporary restraining order that an affidavit would.

3

9) Detective Lewis is a Detective for the Maricopa County Attorneys office who assaulted Huminski after Detective Walker intercepted the federal court papers intended for the County Attorney's Office.

10) William Montgomery is the Maricopa County Attorney and he implemented a custom, policy and procedure whereby his agents were to intercept litigation delivered to his office and engage in a physical assault upon the person delivering the federal Court papers.

11) Gilbert Police John Doe #1 is the police officer who arrested Huminski in May 2012 for the crime of civil litigation veiled as a DUI arrest that has yet to be prosecuted. Upon release from incarceration Huminski took blood, urine and neurological tests that proved the false nature of the arrest and incarceration. The arrest was pure retaliation. This arrest happened 3 days before the attempted murder and torture of Huminski orchestrated by the Gilbert Police.

12) Huminski asserts and incorporates with the same force and effect as if more fully set forth herein the  entire record of <u>Huminski v. Mercy Gilbert Medical Center, et al</u>, U.S.D.C. (Arizona), 2:2012-cv-1437 attached hereto as Exhibit "B", four of the documents in Exhibit "B" were served, received by the Court, however the Court refused to docket them.

13) During and after the attempted murder and torture of Huminski in May of 2012 he noticed and was able to read paperwork in the possession of the attackers supplied to them by the Gilbert Police Department which detailed how the attackers were supposed to treat Huminski.

14) Gilbert Police personnel refused to give polygraph examinations to the persons involved in the attempted murder and torture of Huminski.

4

15) The aforementioned set forth statutes and police conduct and conspiracies under the color of state statutes that obstructed <u>Huminski v. Vermont</u>, et al., USDC (Miami), 2013-cv-23099 and Huminski seeks a declaration of the same and a permanent injunction against the statutes and against the municipal and government defendants that chose to issue threats under the color of those statutes.

16) The aforementioned conduct of the law enforcement defendants constitutes bold conspiracies against rights, violation of rights under color of law and obstruction of justice violative of the First Amendment and Due Process and actionable here under 42 USC § 1983, 42 USC §§ 1985(2),(3).

17) The aforementioned torture foisted upon Huminski violates federal law in light of the Supremacy Clause to the U.S. Constitution and the numerous treaties condemning torture that the U.S. is a party to. Huminski seeks a declaration that he was subjected to torture and attempted murder at the Mercy Gilbert Medical Center arising out of conspiracies between the Gilbert Police, Mercy Gilbert Medical Center and Dignity Health which violated his human rights.

18) Huminski seeks the injunctive and declaratory relief set forth in the Exhibits attached here to and incorporated herein.

19) The parties to <u>Huminski v. Mercy Gilbert Medical Center, et al.</u> constituted Huminski, Dignity Health and Mercy Gilbert Medical Center. The other defendants listed in that matter were not served and did not appear; therefore the District Court had no jurisdiction concerning those defendants.

20) The rulings of the District Court in <u>Huminski v. Mercy Gilbert Medical Center, et al.</u> are void because the Court acted as an advocate and proponent for the Defendants. The District Court illogically stalled the case until service was complete, yet, denied Huminski's motions for limited discovery to determine the names of all of the

defendants. Huminski also moved for a hearing concerning discovery issues and case management, the court denied it without explanation and then later order such a hearing and finally cancelled the hearing. The District Court seemed obsessed with denying even the most mundane procedural motions of Huminski, apparently for the pure joy of it, even though it was proper considering the court sua sponte ordered such a case management hearing take place shortly after the denial of Huminski's motion.

21) The District Court in <u>Huminski v. Mercy Gilbert Medical Center, et al.</u> acted as an advocate and proponent for the defendants by arguing and simultaneously deciding motions on behalf of the defendants before they had a chance to reply violating the authority set forth in <u>Huminski v. Lavoie</u>, Vt Supr. Ct. (2001), 99-330, (condemning sua sponte arguments and decisions proffered by a court).

22) The most egregious appearance of impropriety by the District Court in <u>Huminski v. Mercy Gilbert Medical Center, et al.</u>, was the court's response on behalf of the defendants to a Motion for Preliminary Injunction filed very early in the case, whereby the court issued a bald denial of the motion just days after the filing of the motion which prevented the defendants from responding in the time allowed by the Rules and violated Huminski's rights under the rules to reply to an adversary's (amazingly, the District Court) opposition to a motion. Due process was short-circuited and derailed by the Court's transparent advocacy for the defendants. In the Court-authored opposition and combined ruling to the motion for a preliminary injunction without participation of the defendants, the Court cited no fact or on-point law regarding the test under existing authority concerning the grant or denial of a preliminary injunction. Complete lawlessness existed in the case. It is void.

23) The District Court in <u>Huminski v. Mercy Gilbert Medical Center, et al.</u> acted with a *per se* immense appearance of impropriety and bias that prompted several recusal motions

6

that were similarly *sua sponte* denied by the Court bypassing all court Rules and the procedures set forth regarding motion pleading cycles (i.e. motion, response, reply). That matter is hopelessly void for want of Due Process. The Court ignored five motions to recuse and ignored Huminski's argument that the authority set forth in <u>Huminski v. Lavioe</u>, Vt. Supr. Ct. (2001), condemned the sua sponte rulings of the District Court. The District Court in <u>Huminski v. Mercy Gilbert Medical Center</u>, plowed ahead and refused to concede that under <u>Huminski v. Lavoie</u>, its conduct was patently illegal especially with regard to the Motion for Preliminary Injunction. DENIED was the only statement by the District Court as to the vast appearance of impropriety created by its acting as an advocate and proponent for the defendants in that matter in violation of <u>Huminski v. Lavoie</u> and substantive Due Process.

24) Dignity Health, Mercy Gilbert Medical Center and their attorneys engaged in abuse of process in filing a motion to dismiss in the Arizona federal lawsuit grounded upon a lack of diversity when the pleadings, cover sheet and Court docket all listed the jurisdiction as federal question. Huminski seeks a declaration that this conduct is indeed an abuse of process, harassment, frivolous and vexatious and demands $250,000 for this abuse of the federal courts. Pure harassment.

25) Dignity Health, Mercy Gilbert Medical Center and their employees/agents named as defendants in this matter engaged in destruction of evidence by destroying the security video capturing the attempted murder and torture of Huminski and video that revealed Huminski's completely passive and peaceful behavior prior to the unprovoked attempt on his life and torture. These parties then proceeded to clean up the crime scene dripping with copious amounts of Huminski's blood and other evidence to evade criminal prosecution and this civil prosecution. Even though these defendants claimed that Huminski committed crimes of violence and threatened the life of an employee, all

evidence was destroyed, police were not contacted concerning the alleged crimes of Huminski or the crimes and torts of the defendants and torture was commenced upon Huminski including waterboarding, forced irradiation, forced nudity, forced drugging and other aforementioned conduct. Huminski seeks a declaration that this conduct is indeed a destruction of evidence, concealment of evidence, interference with prospective economic advantage and spoliation of evidence of crimes and torts and demands $750,000 in damages for this outright criminal conduct (obstruction of justice) under civil tort law. To this day, the Gilbert Police refuse to investigate this matter properly with the administration of polygraph examinations to the persons in the room with Huminski when the attempted murder and torture took place. The Town of Gilbert and the health care defendants knew that criminal or civil actions would be commenced whereby the room covered in Huminski's blood and the surveillance video would be evidence. Rarely does attempted murder and torture not get into a court forum for adjudication. Huminski would have contacted State or Federal law enforcement concerning the attempted murder and other crimes, however, he was strapped to a metal rack-like device for a period of approximately 12 hours while the defendants destroyed all evidence of the attempted murder and torture. Huminski was unable to take a picture of the crime scene because he was being tortured and eventually strapped to a metal table.

26) Huminski believes he knows the employee of Gilbert Medical Center that alleges to have been threatened by Huminski, it was a nurse who taunted Huminski about his imminent murder just after his head was deliberately split open by the 6-10 persons in the room while blood was spewing everywhere from Huminski's head wound.

27) The City of Surprise and their attorneys lied to the U.S. 9th Circuit Court of Appeals by stating that the Arizona harassment statute was never mentioned in the District Court proceedings in spite of the mention of the statute in the Court's final order disposing of

the case and the abundance of filings on the record making clear that a facial attack upon the statute was a primary goal of the case. Huminski seeks a declaration that this conduct is indeed an abuse of process, fraud upon the court, harassment, frivolous and vexatious and demands $250,000 for this abuse and fraud upon the federal courts.

28) All named defendants acted with a reckless disregard and callous indifference for the rights and safety of Huminski and they acted with a nefariously evil design, evil motive and malice.

29) The aforementioned depicts a practice, policy, procedure and custom adopted by the defendant municipal, corporate and government entities concerning their actions in this matter.

30) Huminski notes that the threat against litigation by Surprise was issued the day before a hearing, Huminski v. Nelson, and included a no contact order concerning Justin Nelson's attorney Anthony Tsontakis, thus, the target and intent of the threat (TARGET = Civil Litigation and INTENT = obstruction of civil litigation) was crystal clear.

31) Huminski seeks a declaration that the aforementioned interception of federal court papers intended to be delivered at the Maricopa County Attorney's Office and the assault that occurred against Huminski by the staff at the Maricopa County Attorney's Office violates Huminski's First Amendment and Due Process rights concerning civil litigation. Similarly, Huminski seeks an injunction against further conduct obstructing federal litigation that has been adopted as a custom, policy and procedure by the Maricopa County Attorney's Office.

32) This matter is of a very troubling nature because 5 months after the attempted murder and torture of the plaintiff, the primary witness in Huminski v. Surprise, Justin M. Nelson was murdered at the age of 36 in October of 2012. The funeral suspiciously didn't occur until May of 2013. In addition to crimes against the Courts in the form of Obstruction of

Justice by law enforcement and other related federal and state crimes, there has been a murder and an attempted murder.

33) After the State of Vermont issued the aforementioned threat against Huminski's litigation in federal District Courts he resided in Connecticut, North Carolina, Arizona and Florida if any claims in this action are dependent upon State law.

34) After the aforementioned tortious conduct foisted upon Huminski by the defendants located in Arizona or Connecticut, Huminski resided in Arizona and Florida.

35) The conduct of the defendants material herein constitutes violation of Huminski's First Amendment and Due Process rights, obstruction of justice, conspiracy against Huminski's rights, chilling and violation of Huminski's rights under the color of State laws, intentional infliction of emotional distress, negligent infliction of emotional distress, tortious interference with prospective economic advantage, destruction of evidence, spoliation of evidence, civil rights violations under 42 USC 1983, 1985(b), 1985(c), assault, battery, false imprisonment, false arrest, abuse of process, malicious prosecution, fraud, tortious interference, conspiracy, negligent duty of care, breach of duty, unauthorized activity causing injury, injurious falsehood and negligent misrepresentation.

36) The aforementioned conduct constitutes negligent training, negligent supervision, negligent hiring and negligent retiring concerning all the persons/entities for which Huminski seeks $1,000,000 against each and every defendant having supervisory duties concerning the claims and facts of this lawsuit, in the alternative, Huminski seeks nominal or presumed damages of $1 and punitive/exemplary damages in the amount of $1,000,000 against each supervisory defendant.

Dated at Bonita Springs, Florida this 24th day of September, 2013.

10

Scott Huminski, pro se
24544 Kingfish St.
Bonita Springs, FL  34134
(239) 300-6656
s_huminski@live.com